ORIGINAL

JUDGE FAILLA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

BRANDON LISI and
KATERINA ARVANITAKIS,

        Defendants.

- - - - - - - - - - - - - - - - - x

INDICTMENT

15 Cr.

15 CRIM 457

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 20 2015

### The Defendants

1.  BRANDON LISI, the defendant, is a former real estate attorney who at all times relevant to this Indictment had his offices principally in Long Island, New York.

2.  KATERINA ARVANITAKIS, the defendant, is a real estate attorney who at all times relevant to this Indictment had offices principally in Brooklyn, New York and Queens, New York.

### Overview of the Fraudulent Schemes

3.  From at least in or about 2010 through in or about 2014, BRANDON LISI and KATERINA ARVANITAKIS, the defendants, worked together to defraud various clients of theirs by soliciting funds from these clients based on fraudulent misrepresentations about how the solicited funds were going to be used.

4.  LISI and ARVANITAKIS also induced certain of their clients to make material misrepresentations in connection

with bankruptcy proceedings concerning real estate companies in an effort to maintain control of, or regain control of, properties owned or controlled by the bankrupt real estate companies.

### Victims of the Fraudulent Schemes

5. Among the individuals defrauded by BRANDON LISI and KATERINA ARVANITAKIS, the defendants, was a widow ("Victim-1") who received several hundred thousand dollars in connection with the death of her spouse. From approximately 2010 through 2012, LISI and ARVANITAKIS persuaded Victim-1 to retain ARVANITAKIS as legal counsel and then fraudulently induced Victim-1 to sign fraudulent promissory notes in order to obtain hundreds of thousands of dollars from Victim-1.

6. From approximately 2011 through 2013, BRANDON LISI and KATERINA ARVANITAKIS, the defendants, induced two other individuals ("Victim-2" and "Victim-3," respectively) to retain ARVANITAKIS as legal counsel and then presented Victim-2 and Victim-3 with fraudulent documents and made misrepresentations concerning purported real estate transactions in order to obtain hundreds of thousands of dollars from Victim-2 and Victim-3.

   a. For example, in or about January 2012, LISI and ARVANITAKIS represented to Victim-2 and Victim-3 that they (Victim-2 and Victim-3) had purchased a property located in

Astoria, New York (the "Astoria Property"). The Astoria Property was not, in fact, transferred to Victim-2 and Victim-3.

b. In connection with the purported real estate transaction for the Astoria Property, on or about January 30, 2012, ARVANITAKIS received an interstate wire transfer from Victim-2 and Victim-3 of approximately $250,000 transferred from an account in Manhattan, New York, to an account held in her (ARVANITAKIS') name ("Arvanitakis Account-1").

7. Also among the individuals defrauded by BRANDON LISI and KATERINA ARVANITAKIS, the defendants, was an individual ("Victim-4") who received several hundred thousand dollars in an inheritance. From approximately 2012 through 2013, LISI and ARVANITAKIS induced Victim-4 to retain ARVANITAKIS as legal counsel and then presented Victim-4 with various fraudulent documents and made misrepresentations concerning purported real estate transactions and legal fees in order to obtain and retain over one hundred thousand dollars from Victim-4.

a. For example, in or about September 2012, while Victim-4 was hospitalized, ARVANITAKIS instructed Victim-4 and Victim-4's spouse to transfer disputed inheritance funds to a real estate company ("Company-1"), so that the funds could not be seized or attached in connection with the legal dispute.

b. LISI further falsely represented to Victim-4 that Company-1 was a real estate management company that

purchased properties located in Sag Harbor, New York; East Northport, New York; and Manhasset, New York.

    c. In or about July 2013, ARVANITAKIS told Victim-4 that ARVANITAKIS would not release the escrowed inheritance funds to Victim-4 unless Victim-4 paid approximately $170,000 in fraudulent legal fees to ARVANITAKIS. ARVANITAKIS presented Victim-4 with a bill for ARVANITAKIS's legal services that, ARVANITAKIS did not, in fact, provide.

    8. In addition, in connection with their bankruptcy scheme described above, BRANDON LISI and KATERINA ARVANITAKIS, the defendants, together with co-conspirators not named herein, caused misrepresentations to be made to bankruptcy courts concerning, among other things, the absence of prior bankruptcy filings, fraudulent transfers of title, and fraudulent debts.

### Laundering of the Defendants' Fraudulent Proceeds

    9. From in or about 2010 through in or about 2014, BRANDON LISI and KATERINA ARVANITAKIS, the defendants, laundered the proceeds of their fraudulent schemes. LISI and ARVANITAKIS, used the hundreds of thousands of dollars that they obtained by fraud from Victims-1, -2, -3, and -4, among others, in the following ways, among others: to repay debts that LISI and ARVANITAKIS owed; to replenish bank accounts they controlled that carried negative balances; for personal expenditures; to transfer to relatives; and to make substantial cash withdrawals,

all contrary to the representations made to the victims and without disclosing the true uses of the funds to the victims.

      10. Between approximately February 2, 2012, and April 5, 2012, KATERINA ARVANITAKIS, the defendant, caused approximately $110,000 and $250,000 to be transferred from Victim-2 and Victim-3, respectively, to ARVANITAKIS or to be withdrawn as cash by ARVANITAKIS.

      a. For example, on or about February 2, 2012, ARVANITAKIS caused approximately $80,000 to be transferred from Victim-2 and Victim-3 to an account held in ARVANITAKIS's name ("Arvanitakis Account-2"), which at the time had a negative account balance. ARVANITAKIS caused a cashier's check in the amount of approximately $40,000 to be drawn from Arvanitakis Account-2 the same day. On or about February 9 and February 10, 2012, ARVANITAKIS further caused withdrawals from Arvanitakis Account-2 of approximately $21,000 in five separate transactions of less than $10,000 each.

      b. On or about February 2, 2012, ARVANITAKIS caused the $40,000 cashier's check described above to be deposited into another account held in her name ("Arvanitakis Account-3"), which at the time had a negative account balance. The same day, ARVANITAKIS caused $20,000 to be transferred from Arvanitakis Account-3 to another account controlled by her ("Arvanitakis Account-4"), which at the time had a negative

account balance. This $20,000 was then spent on various expenses related to ARVANITAKIS's office and unrelated legal fees that ARVANITAKIS had incurred.

        11. In addition, in about July 2013, KATERINA ARVANITAKIS, the defendant, caused numerous transfers from Victim-4's funds that caused the depletion of approximately $117,000.00 of those funds, including, among others, the following:

        a. On or about July 12, 2013, ARVANITAKIS caused the issuance of a cashier's check payable to LISI's mother in the amount of approximately $20,000.

        b. On or about July 20, 2013, ARVANITAKIS caused the issuance of a cashier's check payable to herself in the amount of approximately $22,005.00.

        c. On July 24, 2013, ARVANITAKIS caused a transfer to an account held in the name of LISI's mother in the amount of approximately $1,842.00.

        d. On or about July 24, 2013, ARVANITAKIS caused two cashier's checks, payable to a company controlled by ARVANITAKIS, to be issued in the total amount of approximately $32,400.00.

## COUNT ONE

(Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

12.  From at least in or about 2010 through in or about 2014, in the Southern District of New York and elsewhere, BRANDON LISI and KATERINA ARVANITAKIS, the defendants, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Section 1343 of Title 18, United States Code, to wit LISI and ARVANITAKIS defrauded various clients of theirs by soliciting funds from these clients based on fraudulent misrepresentations about how the solicited funds were going to be used.

13.  It was a part and an object of the conspiracy that BRANDON LISI and KATERINA ARVANITAKIS, the defendants, together with others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose

of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

### COUNT TWO

(Conspiracy to Commit Bankruptcy Fraud)

The Grand Jury further charges:

14.  From at least in or about 2010 through in or about 2014, in the Southern District of New York and elsewhere, BRANDON LISI and KATERINA ARVANITAKIS, the defendants, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit bankruptcy fraud, in violation of Section 157 of Title 18, United States Code, to wit, LISI and ARVANITAKIS induced certain of their clients to make material misrepresentations in connection with bankruptcy proceedings concerning real estate companies in an effort to maintain control of, or regain control of, properties owned or controlled by the bankrupt real estate companies.

15.  It was a part and an object of the conspiracy that BRANDON LISI and KATERINA ARVANITAKIS, the defendants, together with others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for the purpose of executing or concealing such a scheme or artifice or attempting to do so, would and did file a

petition under title 11; file a document in a proceeding under title 11; and make a false or fraudulent representation, claim, and promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, in violation of Title 18, United States Code, Section 157.

### Overt Acts

16. In furtherance of the conspiracy and to effect the illegal object thereof, BRANDON LISI and KATERINA ARVANKITAKIS, the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

   a. On or about March 18, 2009, a co-conspirator not named as a defendant herein ("CC-1") caused a later dismissed Chapter 11 bankruptcy petition with respect to an real estate company ("Company-2") to be filed in the United States Bankruptcy Court for the Eastern District of New York.

   b. On or about May 29, 2009, CC-1 caused a Chapter 11 bankruptcy petition with respect to Company-2 to be filed in the United States Bankruptcy Court for the District of New Jersey (the "Petition").

   c. The Petition represented that no petition with respect to Company-2 had been filed within the prior 8 years.

d. On or about February 22, 2010, a co-conspirator not named as a defendant herein ("CC-2") caused a Chapter 11 bankruptcy petition with respect to a real estate company ("Company-3") to be filed in the United States Bankruptcy Court for the Northern District of New York.

e. On or about May 10, 2011, a co-conspirator not named as a defendant herein ("CC-3") caused a Chapter 11 bankruptcy petition with respect to a real estate company ("Company-4") to be filed in the United States Bankruptcy Court for the Eastern District of New York.

f. On or about July 21, 2011, CC-3 testified at a bankruptcy deposition, among other things, that LISI transferred Company-4 to CC-3 to repay CC-3 for approximately $100,000 that CC-3 had lent to LISI.

g. On or about July 25, 2012, Victim-1 caused a Chapter 11 bankruptcy petition with respect to a real estate company ("Company-5") to be filed in the United States Bankruptcy Court for the Eastern District of New York.

h. On or about August 21, 2012, Victim-1 and LISI attended a meeting concerning the Company-5 bankruptcy in Manhattan, New York.

(Title 18, United States Code, Section 371.)

## COUNT THREE

(Conspiracy to Launder Money)

The Grand Jury further charges:

17.  From at least in or about 2010 through in or about 2014, in the Southern District of New York and elsewhere, BRANDON LISI and KATERINA ARVANITAKIS, the defendants, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Section 1956 of Title 18, United States Code.

18.  It was a part and an object of the conspiracy that BRANDON LISI and KATERINA ARVANITAKIS, the defendants, together with others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of wire fraud and bankruptcy fraud, knowing that the transactions were designed in whole and in part to conceal the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATION

### (As to Counts One and Two)

19. As a result of committing the wire fraud and bankruptcy fraud offenses alleged in Counts One and Two of this Indictment, BRANDON LISI and KATERINA ARVANKITAKIS, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes and is derived from proceeds traceable to the offenses alleged in Counts One and Two of this Indictment.

### Substitute Assets

20. If any of the property described in paragraph 10 above as being subject to forfeiture, as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of such forfeitable property.

### FORFEITURE ALLEGATION
### (As to Count Three)

21.   As a result of committing the money laundering offense alleged in Count Three of this Indictment, BRANDON LISI and KATERINA ARVANKITAKIS, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1), any and all property, real and personal, involved in the offense alleged in Count Three and any property traceable to such property.

<u>Substitute Assets</u>

22.   If any of the property described in paragraphs 12 above as being subject to forfeiture, as a result of any act or omission of the defendants --

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 982 and
Title 21, United States Code, Sections 853 and 970.)

_____
Foreperson

_____
PREET BHARARA
United States Attorney /pak

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

BRANDON LISI and
KATERINA ARVANITAKIS,

Defendants.

---

INDICTMENT

15 Cr.

(18 U.S.C. §§ 371, 1349, & 1956.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

---

- TRUE BILL + 2 Arrest Warrants, Indictment
- MAG. JUDGE RONALD L. GLUS
7-16-15